IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAUL GERARDO FAVELA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-93 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Raul Gerardo Favela, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), through counsel, brings this civil rights lawsuit against Richard Alford, Bryan Collier, Brad Livingston and Tommy Haynes. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Alford, Collier and Livingston have filed a Motion for Summary Judgment. (Doc. #37.). Defendant Haynes has filed a separate Motion for Summary Judgment. (Doc. #40.) Defendant Haynes states he joins in the arguments of the other Defendants in their Motion for Summary Judgment. Plaintiff has responded. (Doc. #47.) The Motions are therefore ripe for consideration.

Factual Allegations

In his Complaint (doc. #1), Plaintiff states he was incarcerated at the Lewis Unit for several years. On October 16, 2015, Plaintiff's counsel wrote a letter to William Stephens as director of the Texas Department of Criminal Justice ("TDCJ"). The letter stated Plaintiff was in danger from other inmates because he had been labeled a snitch. The letter asked that Plaintiff be transferred to another facility. This request was not granted.

On December 16, 2015, counsel wrote a second letter. The letter was addressed to Stephens, Defendant Haynes, as warden of the Lewis Unit, Defendant Livingston as Executive Director of

TDCJ, Defendant Collier as the deputy director of TDCJ and Defendant Alford as Regional Director for Region 1. The letter stated Plaintiff was in danger because he had been labeled a snitch by prison officials and asked that he be transferred to another facility. The letter also said Plaintiff was in the general population section of his prison. Plaintiff was not transferred.

Counsel wrote a third letter on December 23, 2015. The letter was sent to Stephens and Defendant Haynes. The letter stated Plaintiff was in danger and requested a transfer. The letter also pointed out that Plaintiff had a long-standing foot problem as a result of an automobile accident. Again, Plaintiff was not transferred.

On January 2, 2016, counsel wrote a fourth letter. The letter was sent to Stephens and Defendants Haynes, Livingston, Collier and Alford. The letter stated plaintiff was in danger, was in general population and asked for a transfer. The letter also described the foot problem. Plaintiff did not receive a transfer.

Plaintiff alleges that on March 20, 2017, he and other prisoners were in an open area of the prison when an inmate attacked him without provocation using an improvised weapon believed to be a fan motor in a sock. Plaintiff suffered a fracture of the nasal bone and a left orbital floor fracture. The injuries resulted in great pain and required surgery.

The Motion for Summary Judgment

In their Motions, Defendants assert they are entitled to summary because, *inter alia*, Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit. Defendants have filed copies of the grievances Plaintiff filed between January 1, 2017, and December 31, 2017, with a supporting business records affidavit.

Defendants assert the grievances show Plaintiff never filed a grievance concerning the claims asserted in this lawsuit. Defendants state the only grievance Plaintiff filed concerning what happened on March 20 is Grievance Number 2017126035, which was filed 32 days later. The grievance complains about a disciplinary case Plaintiff received and restrictions resulting from the disciplinary conviction. The grievance accuses Sergeant Wade, Captain Griffin and Assistant

Warden of conspiring against Plaintiff and fabricating or destroying evidence relating to the fight. The grievance mentions Defendants Collier and Haynes to the extent that Plaintiff appeals to them to have the disciplinary conviction overturned. The grievance also references confidential informants used to fabricate the disciplinary case against Plaintiff.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## Analysis

### *Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison

conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before a federal lawsuit is filed. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The statutory exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners are required to exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In addition, the Supreme Court has held "that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by [statute], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required [by statute] to properly exhaust." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted). But the exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*, at 90-91. Accordingly, inmates must

exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

TDCJ-CID has a two-step grievance procedure which is available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

*Application*

Plaintiff relies on his own declaration to establish he exhausted his administrative remedies.[1] Plaintiff states, in pertinent part, as follows:

> I filed a grievance after I was attacked within about 5 days or so requesting that I be moved, for medical treatment for the injuries and pain, and damages for my pain and suffering and that the injuries were the fault of TDCJ officials who were notified of the danger I was in. I also filed an appeal of the grievance rerequesting the same things in the Step 1 grievance in a timely manner, however, I did not receive a response from TDCJ. I believe this was done to prevent a successful lawsuit.

(Doc. #47-2, p.2.).

This case is similar to *Kidd v. Livingston*, 463 F. App'x 311 (5th Cir. 2012). In *Kidd*, the district court granted a motion for summary judgment based on failure to exhaust administrative remedies. The plaintiff argued in the district court that he timely filed a Step 2 grievance and produced a copy of an unprocessed Step 2 grievance form. The Fifth Circuit held that the plaintiff's "conclusory assertions" regarding exhaustion and his production of an unprocessed grievance form were insufficient to create a genuine dispute of fact as to exhaustion. 463 F. App'x at 313.

The evidence in this case is similar to the evidence in *Kidd*. Plaintiff relies on no more than an unsupported assertion that he filed a grievance concerning the allegations made in this case. Such a conclusory assertion, like the conclusory assertion in *Kidd,* is insufficient to create a genuine dispute of material fact as to exhaustion. Defendants are therefore entitled to judgment as a matter of law and their Motions for Summary Judgment should be granted.

---

[1] Plaintiff does not contend that the grievance cited in the Motions for Summary Judgment properly exhausted his administrative remedies.

<u>Recommendation</u>

The Motions for Summary Judgment filed by Defendants should be granted.[2]

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 21st day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the conclusion reached regarding Plaintiff's failure to exhaust administrative remedies, the remaining arguments in the Motions for Summary Judgment need not be considered.