**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

RAUL GERARDO FAVELA, JR.,          §
                                   §
          Plaintiff,               §
                                   §
*versus*                           §          CIVIL ACTION NO. 9:19-CV-93
                                   §
BRYAN COLLIER, *et al.*,           §
                                   §
          Defendants.              §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Raul Gerardo Favela, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Richard Alford, Bryan Collier, Brad Livingston and Tommy Haynes.  The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that two motions for summary judgment filed by the defendants be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence.  The defendants filed objections to the magistrate judge's Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff alleges the defendants failed to protect him from being attacked by a fellow inmate.  He states that in 2015 and 2016 four letters were written to one or more of the defendants stating he was in danger because he had been labeled as a snitch.  The letters asked that plaintiff be transferred to another prison unit.  On March 20, 2017, after the letters were written, plaintiff was attacked by another inmate and severely injured.

The defendants sought summary judgment based on qualified immunity. The magistrate judge correctly stated that in order to survive a motion for summary judgment based on qualified immunity, the plaintiff must show: (1) there was a violation of a constitutional right and (2) the right was clearly established at the time of the violation. The defendants asserted they responded reasonably to the letters described above because investigations were conducted concerning the allegations in the letters.[1] The magistrate judge concluded that as the defendants did not deny the letters were sent or dispute receiving them, and as the record did not reveal how the investigations were conducted or what conclusions were reached, there was a genuine issue of dispute of material fact as to whether the defendants violated a constitutional right. The magistrate judge further concluded that as the right to be free from violence by other prisoners was clearly established, the defendants were not entitled to dismissal based on qualified immunity.

The court agrees with the conclusions of the magistrate judge. The letters described by plaintiff, and the lack of information concerning the investigations conducted concerning the letters, are sufficient to establish a genuine dispute of material fact as to whether the defendants were aware plaintiff was subject to a substantial risk of serious hard and failed to take reasonable measures to abate it. Further, in 2006 the United States Court of Appeals for the Fifth Circuit stated it was well established that prison official have a constitutional duty to protect prisoners from violence from fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Ciir. 2006).

In support of their objections, the defendants cite two cases from the Eastern District of Texas, *Leyba v. Bell*, No. 6:13cv801, 2017 WL 9288030 (E.D. Tex. Apr. 17, 2017), *report and recommendation adopted by Leyba v. Bell*, No. 6:13cv801, 2017 WL 3015769 (E.D. Tex. July 17, 2017), and *Mauldon v. Dir., Tex. Dep't of Crim. Just.–Corr. Inst. Div.*, No. 6:22cv341, 2025 WL 2384064 (E.D. Tex. Mar. 7, 2025), *report and recommendation adopted by Mauldon v. Dir., Tex. Dep't of Crim. Just.-Corr. Inst. Div.*, No. 6:22cv341, 2025 WL 2380716 (E.D. Tex. Aug.

---

[1] A prison official acts with deliberate indifference if he knows an inmate faces a substantial risk of serious harm and fails to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

14, 2025). *Leyba* is distinguishable. The defendants assert that in *Leyba*, the altercation at issue in the case was initiated by the plaintiff and that the evidence demonstrated the altercation was not connected to the plaintiff's prior complaints (#69 at 7). In the present case, however, the affidavit submitted by plaintiff in response to the motion for summary judgment states he was attacked by a fellow inmate for no reason and that his attackers were part of a gang he had complained was threatening him (#47-2 at 2).

*Mauldon* is also distinguishable. In that case, the court construed the claim against the defendant as being based on her failure to train and direct subordinate officers, stating "the court understands [the plaintiff] is suing [the defendant] under a supervisory liability theory . . . ." *Mauldon*, 2025 WL 2384064 at *2. Here, in contrast, plaintiff is not proceeding under a supervisory liability theory. Instead, he asserts each of the defendants failed to take proper action after being informed he was subject to a substantial risk of serious harm. Moreover, in *Mauldon* the court described plaintiff's allegations against the defendant as "generalized and conclusory." *Id*. at 3. Here, plaintiff has filed copies of the letters sent to the defendants which specifically state that plaintiff feared being attacked because he has been labeled a "snitch" (#47-4 at 1-28).

For the reasons set forth above, the defendants have not shown the claims against them should be dismissed based on qualified immunity. Their objections are therefore without merit.

## ORDER

Accordingly, the objections filed by the defendants in this matter (#69) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#68) are correct, and the report of the magistrate judge is **ADOPTED**. The motions for summary judgment (#s 37 and 40) are **DENIED**.

SIGNED at Beaumont, Texas, this 18th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

3